UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

In re: Northwest Bay Partners, LTD.         Chapter 11
                                            Case No. 19-10615
        Debtor.

-----------------------------------------------------------

APPEARANCES:

Peter A. Pastore, Esq.
*Attorney for Debtor*
O'Connell & Aronowitz P.C.
54 State Street
Albany, NY 12207

Joseph M. Walsh, Esq.
*Attorney for Debtor*
Walsh & Walsh, LLP
42 Long Alley
Saratoga Springs, NY 12866

Jesse P Schwartz, Esq.
*Attorney for Debtor*
Walsh & Walsh, LLP
42 Long Alley
Saratoga Springs, NY 12866

Stephen J. Waite, Esq.
*Attorney for Bell Point Shores Homeowners Association, Inc.*
Waite & Associates, P.C.
199 New Scotland Avenue
Albany, NY 12208

Hon. Robert E. Littlefield, Jr., United States Bankruptcy Judge

**MEMORANDUM-DECISION AND ORDER**

      The current matter before the Court is a motion by the Debtor ("Debtor" or "NBP") requesting an Order which "(a) strikes the HOA's Opposition and disallows its claim in total and precludes any voting rights in any plan proposed by the Debtor, (b) directs that all facts asserted by Debtor in its Claim Objection be taken as established for all purposes in this case, (c) awards

1

compensatory damages for the extraordinary delay caused by the HOA, (d) requires the payment of all real property taxes for 2020, (e) awards counsel fees of $75,000.00 and (f) such other relief the Court deems proper and equitable." ("Motion to Strike"). (ECF No. 99). The Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A) and 1334(b). For the reasons that follow, the Debtor's request for reasonable attorneys' fees is granted; the balance of the motion is denied.

## FACTS

Based upon the docket[1] and pleadings, the Court finds the following facts relevant to the present matter:

1. The Debtor commenced this Chapter 11 proceeding by filing a voluntary petition on April 4, 2019. (ECF No. 1).

2. The HOA is a New York not-for-profit corporation. (Ex. A., ECF No. 45).

3. It encompasses a total of eighteen (18) parcels located in the Bell Point Shores Subdivision in the Town of Bolton near Lake George, New York. *Id.*

4. Debtor is the owner of eleven (11) of the eighteen (18) lots. (¶ 9, ECF No. 100).

5. On October 1, 2019, the HOA filed a proof of claim in the amount of $1,476,716.20.[2] (Claim No. 2-1).

6. On October 29, 2019, the Debtor filed the objection (the "Objection") to the HOA's Claim. (ECF No. 41).

7. The Objection was returnable on December 4, 2019. (ECF No. 42)

---

[1] The Court takes judicial notice of the docket entries in this matter.

[2] On January 11, 2021, the HOA filed an amended proof of claim in the amount of $1,139,070.96. (Claim No. 5-1).

8. On November 27, 2019, the HOA filed opposition (the "Opposition") to the Objection. (ECF No. 50).

9. On December 4, 2019, NBP filed a reply to the Opposition. (ECF No. 55).

10. Prior to the hearing on December 4, 2019, the Objection was adjourned on consent to January 22, 2020. (ECF No. 57).

11. On January 22, 2020, the Court held the initial hearing and after several extensions, the matter was adjourned to March 4, 2020.

12. On March 4, 2020, the Court issued a Scheduling Order on the Objection. (ECF No. 63).

13. The Scheduling Order set a telephonic pretrial conference on March 18, 2020. *Id*.

14. On March 18, 2020, the Court held a telephonic conference resulting in the matter being continued to April 8, 2020 and then to May 20, 2020 with discovery extended to May 22, 2020.

15. On May 20, 2020, the Court held a further telephonic conference and the matter was continued to July 29, 2020; discovery was extended to July 31, 2020.

16. On July 28, 2020, the Debtor filed a letter which indicated that the HOA had failed to supply any additional responses to NBP's requests for discovery. (ECF No. 66).

17. On July 29, 2020, the Court held the adjourned hearing. (ECF No. 67).

18. The Debtor made an oral motion to preclude which was denied based in part on the HOA's attorney's[3] statement that "discovery demands have been substantially complied with . . . by the end of tomorrow we will have complete responses with everything . . . I believe they have everything but to the extent they don't, we will have a complete

---

[3] On May 3, 2020, Schiller, Knapp, Lefkowitz & Hertzel, LLP (John M. Dubuc, Esq.) filed a Notice of Appearance on behalf of the HOA. (ECF No. 16). On or about October 1, 2020, the HOA obtained new counsel. (ECF No. 123).

3

response before the deadline." (July 29, 2020 Hr'g at 5:41 – 6:16, ECF No. 67). The matter was adjourned to August 5, 2020.

19. At the August 5, 2020 hearing, the attorney for the HOA indicated that NBP's discovery requests were overly broad and subject to attorney-client privilege. (Aug. 5, 2020 Hr'g at 2:25 – 3:01, ECF No. 70).

20. The Court inquired as to why a protective order had not been sought and advised counsel for the HOA that this continued failure to comply with discovery was unacceptable.[4] *Id*. at 4:30 – 4:54.

21. The Debtor's attorney indicated they would be making a motion requesting "that the entire claim be rendered invalid" due to the failure to provide the responses. *Id*. at 9:50 – 10:02.

22. No motion to preclude was filed.

23. On August 11, 2020, NBP's counsel advised that "progress is being made toward reaching an agreement with respect to the amount of the HOA's proof of claim." All parties requested an adjournment of the August 12, 2020 hearing to September 9, 2020. (ECF No. 71).

24. The Court granted the requested continuance and adjourned the hearing to September 9, 2020 and extended discovery to September 11, 2020.

25. At the September 9, 2020 hearing, the Debtor's attorney indicated that nothing had progressed since August 11, 2020. (ECF No. 79).

26. Debtor's attorney indicated a settlement proposal was provided to the HOA's attorney on August 28, 2020 but no reply had been received. *Id*.

---

[4] The Court specifically stated, "My point is you can't just sit there . . . and say . . . I am not going to do it. You need an order of this Court, or you need a response to the discovery or else you are subject to preclusion . . . ." (Aug. 5, 2020 Hr'g at 5:30 - 5:40, ECF No. 70).

4

27. HOA's counsel responded "I believe we are very close to reaching an agreement. As far as the number . . . our calculations are a little bit different. I just want to send our calculations to [debtor's counsel] and I can do that this afternoon. I believe we are close here." (Sept. 9, 2020 Hr'g at 2:39 – 3:04, ECF No. 79).

28. When hearing that a settlement was being worked on, the Court asked debtor's counsel "should we put everything on hold and focus on the proposed settlement and see if that bears fruit and if so, it is all moot . . . ." *Id.* at 3:25 – 3:35.

29. Debtor's counsel indicated that they would pursue the settlement, stating "It would be wonderful . . . as Mr. Dubuc indicates we are close. It would be nice to get the HOA's claim completely resolved and thus avoid the need to continue discovery." *Id.* at 3:45 – 4:01.

30. The matter was adjourned to September 18, 2020. After a brief conference, the matter was further adjourned to September 23, 2020 with discovery extended to September 25, 2020.

31. At the September 23, 2020 hearing, the Debtor advised that it still had not received the requested documents or the counterproposal. The attorney for the HOA indicated "we are still awaiting the final figures from the accountant. Once we have those, I believe we are close as far as the number goes." (Sept. 23, 2020 Hr'g at 1:00 – 1:18, ECF No. 80).

32. With respect to discovery, he indicated he had spent the entire previous day going through documents which were then sent to be copied. *Id.* at 1:58 – 2:11.

33. After hearing that there were additional responses to the discovery requests, Debtor's counsel responded, "I thought if we could settle the case along the lines we proffered, a lot of that work would be obviated, am I missing something?" *Id.* at 3:30 – 3:44.

34. The attorney for the HOA advised that the updated discovery would be promptly provided. He further offered that "I should have the information within a few days . . . but a week should be more than enough time" to finalize the numbers for the counterproposal. *Id.* at 5:15 – 5:20.

35. The matter was adjourned to September 30, 2020 with discovery extended to October 2, 2020. *Id.*

36. At the September 30, 2020 hearing, the attorney for the HOA indicated that his client needed more time to formalize the counterproposal, stating, "as far as the settlement goes, the board is working to put together a formal counterproposal to Mr. Pastore's client's offer. We have submitted the figures to the expert CPA to rerun the figures accounting for the statute of limitations issue." (Sept. 30, 2020 Hr'g at 1:51 – 2:17, ECF No. 81).

37. After hearing the HOA's latest statement, Debtor's counsel responded, "I would like to reserve the right to expunge their claim if . . . every . . . piece of information is not produced immediately. Because this is prejudice . . . We have been promised a counterproposal for at least six weeks . . . so I am going to ask to preserve my right to ask that the entire claim . . . be expunged because this has been a complete waste of everybody's time." *Id.* at 6:27 – 7:29.

38. The Court denied the HOA's request for a two-week adjournment. The Court stated, "I'll adjourn it a week. It needs to be in here within a week. Is there any reason why that cannot be accomplished?" *Id.* at 9:01 – 9:23.

39. The Court also set a final deadline for all documents and a formal counterproposal, indicating "Mr. Dubuc . . . I don't want you to present everyone with this counterproposal

on the eighth. I want it communicated to the other side at least twenty-four hours before." *Id.* at 9:30 – 11:00.

40. Discovery was extended to October 9, 2020. *Id.*

41. At the October 8, 2020 hearing, the HOA was represented by new counsel,[5] Steven J. Waite, Esq. (ECF No. 82)

42. No counterproposal or discovery had been provided. Attorney Waite indicated there was a communication issue between the HOA and prior counsel. He stated, "it is my understanding from the client that they were receiving rather poor communication from former counsel and a lot of this was not known to them." (Oct. 8, 2020 Hr'g at 2:17 – 2:25, ECF No. 82).

43. Based upon the alleged miscommunications, Attorney Waite requested that discovery be extended for an additional time to allow the HOA to fully comply. *Id.*

44. Debtor opposed and the Court declined to extend the October 9, 2020 discovery deadline. *Id.*

45. On November 24, 2020, the Debtor filed the Motion to Strike based upon the discovery delay. (ECF No. 99).

46. On December 9, 2020, the HOA filed opposition to the Motion to Strike.[6] (ECF No. 111)

47. On December 9, 2020, the HOA filed a "cross-motion" to reopen discovery and to extend time. (ECF No. 112).

---

[5] The formal Substitution of Counsel was filed on January 8, 2021. (ECF No. 123)

[6] The opposition is contained in the Memorandum of Law in Opposition to the Debtor's Motion for Summary Judgment to "reject" the HOA's claim.

48. The HOA was advised that the request to extend discovery was not timely pursuant to FRBP 2002 and Local Bankruptcy Rule 2002-1 and would not be considered. (ECF No. 116).

49. On December 15, 2020, the Debtor filed a reply to the HOA's Opposition to the Motion to Strike. (ECF No. 118).

50. On December 16, 2020, the Court held a hearing on all pending matters.[7] (ECF No. 122).

## ARGUMENTS

The Debtor argues the delay has prevented it from confirming a Chapter 11 plan and complicates any attempt to resolve the Panella Decendants' Trust's motion for relief from stay. NBP contends, if the HOA's claim is substantially reduced, there is a pathway to a confirmable plan. The Debtor further posits the delay hindered its ability to sell the lots and has resulted in a significant loss as the real estate market has been strong in the Lake George region, especially during the pandemic.

NBP insists the actions of the HOA are a continuation of its attempt to obtain possession of the lots by any means necessary and the actions of the HOA exemplify a party acting in bad faith. The Debtor requests this Court issue the ultimate sanction by striking the HOA's claim for failure to comply with discovery.

The HOA contends it has acted in good faith throughout the proceedings. The Creditor alleges it was not aware of any discovery issues due to the failure of previous counsel to properly communicate the severity of the issues as they arose. The HOA asserts it provided the Debtor with over one thousand (1,000) documents and offered the Debtor's attorneys an opportunity to access and copy all documents requested. The Creditor maintains that to strike the Opposition

---

[7] The Court did not authorize either party to submit a reply. However, in the interest of completeness and finality, the Court will review all submitted pleadings except the "cross-motion" of the HOA.

and the claim is too severe a remedy for its unintended inaction. The HOA notes the Debtor was able to move for summary judgment without any additional discovery and therefore any remaining dispute is moot. The Creditor attributes the delay in this proceeding squarely on the Debtor. Finally, the HOA indicates it did not waive any rights under the Declaration and is not estopped from asserting a claim in this matter.[8]

## DISCUSSION

Federal Rule of Bankruptcy Procedure ("FRBP") 7037 is titled "Failure to Make Disclosures or Cooperate in Discovery; Sanctions" and is applicable in contested matters via FRBP 9014(c). It incorporates and adopts Federal Rule of Civil Procedure 37 ("Rule 37") which governs discovery disputes and consequences. The remedies range from the striking of pleadings and granting default judgments to the awarding of fees.

In addition, this Court has the "well-acknowledged inherent power to levy sanctions. . . ." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 135 (2d Cir. 1998) (citation omitted). The Court's "inherent power derives from the sage acknowledgement that courts are vested, by their very creation, with the power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Id.* (citation omitted and internal quotation marks omitted); *see also Briese Lichttechnik Vertriebs GmbH v. Langton*, 09 Civ. 9790, 2011 U.S. Dist. LEXIS 6340, at *27 (S.D.N.Y. Jan. 10, 2011).

Rule 37(c)[9] is titled "Failure to Disclose, to Supplement an Earlier Response, or to Admit" and "permits a court to impose a variety of sanctions . . . including attorney's fees."

---

[8] The Creditor objected generally to the Motion to Strike but it did not analyze or oppose the Debtor's request for attorneys' fees.

[9] Rule 37(c)(1) states in relevant part, "If a party fails to provide information as required by Rule 26(a) or (e) . . . the court, on motion and after giving an opportunity to be heard: (A) may order the payment of reasonable expenses including attorney's fees, caused by the failure." Fed. R. Civ. P. 37.

*Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods.*, 1:19-cv-3766-GHW, 2020 U.S. Dist. LEXIS 234361, at *12 (S.D.N.Y. Dec. 11, 2020) (citation omitted). In addition, "[a] district[10] court is granted broad discretion to impose sanctions on a party for discovery-related misconduct under its inherent power to manage its own affairs." *Id.* at *43 (citation omitted and internal quotation marks omitted). When determining a proper sanction, "[t]he guidelines provided by Rule 37(d) may . . . shape the court's determination of sanctions . . . ." *In re Bello*, 528 B.R. at 567; *see also Nicole Energy Mktg., Inc. v. McClatchey (In re Nicole Energy Servs., Inc.)*, 356 B.R. 786 n.1 (B.A.P. 6th Cir. 2007) (unpublished table case) ("When considering an award of sanctions . . . a bankruptcy court may look to Rule 37 as a guide . . . .").

When reviewing whether a discovery violation should be sanctioned, the Second Circuit has advised, "Several factors may be useful in evaluating a [court's] exercise of discretion." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). "These include: (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of non-compliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (citation omitted and internal quotation marks omitted).

*A. The willfulness of the non-compliant party or the reason for the non-compliance*

After reviewing the docket, the pleadings, and hearings, the Court declines to strike the entire claim due to the HOA's failure to provide the requested documents. However, there was an unreasonable delay attributable to the HOA in violation of Rule 37 and the Court's directive at various hearings.

---

[10] The inherent power also applies to bankruptcy courts. *In re Bello*, 528 B.R. 562, 567 (Bankr. S.D.N.Y. 2015).

On February 6, 2020, the Debtor sent the HOA's attorneys a detailed letter, delineating the documents that had not been received pursuant to a previous discovery demand. That letter was sent to the HOA's state court counsel and copied to bankruptcy counsel. Numerous e-mails from Debtor's counsel, following up on the discovery requests, were also sent. Exs. A, B and C, ECF No. 99. At the March 4, 2020 hearing, counsel for the HOA asked for a formal request regarding discovery. Debtor's counsel indicated that the February 6, 2020 letter detailed the outstanding discovery but in the interest of completeness, they complied.

A review of the docket indicates that the Court was not made aware of any issues from March 4, 2020 until the Court received the Debtor's letter of July 28, 2020 indicating that the HOA still had not replied to the discovery demands. ECF No. 66. However, at the July 29, 2020 hearing, the attorney for the HOA assured[11] the Court and the parties that all outstanding discovery would be provided by the July 31, 2020 deadline. ECF No. 67. Based upon this commitment, the July 29, 2020 hearing was adjourned to August 5, 2020. The July 31, 2020 deadline was not met by the HOA.

At the August 5, 2020 hearing, the Court inquired as to whether all the discovery requested by the Debtor had been received. The answer was no. The HOA's attorney indicated he did in fact provide over 1,000 documents in response to the discovery requests. However, counsel for the Debtor argued that the documents were not responsive to its demands. The HOA's attorney replied that the requests were overly broad and amounted to a "fishing expedition." However, the HOA never moved for a protective order. Likewise, the Debtor failed to make a motion to compel or preclude. The HOA's attorney indicated that if certain e-

---

[11] *See* Fact 18.

mail communications were still outstanding, he would contact his client that day and get the remaining documents. The matter was adjourned to August 12, 2020. ECF No. 70.

On August 11, 2020, the Debtor's counsel filed an optimistic letter indicating that the parties had made progress in their negotiations. ECF No. 71. In an attempt to focus on the settlement, all parties requested that the August 12, 2020 hearing be adjourned to September 9, 2020 and discovery extended to September 11, 2020. *Id*.

At the September 9, 2020 hearing, the Debtor again indicated that the outstanding discovery requests were still unanswered. However, at that hearing, counsel for the HOA reiterated that the parties were "very close to reaching a number" that would resolve the entire claim objection and that he just needed two (2) weeks to have the counterproposal to the Debtor. ECF No. 79. The matter was adjourned to September 18, 2020 and then adjourned to September 23, 2020 with discovery extended to September 25, 2020.

At the September 23, 2020 hearing, the HOA did not have a counterproposal and did not submit any additional documents. The attorney for the HOA indicated, once again, that he believed the parties were close to settlement. With respect to discovery, he noted that he had spent the entire previous day going through additional documents and that they were being sent for copying. Upon hearing these new representations, Debtor's counsel inquired why discovery was still an issue.[12] The hearing was adjourned one week. ECF No. 80.

At the September 30, 2020 hearing, the attorney for the HOA indicated the Creditor was still working on a final resolution but that additional concerns had arisen, including an issue with a state court stipulation and the Debtor's post-petition default on assessments. Counsel for the

---

[12] *See* Fact 33.

HOA also indicated that he had reviewed three (3) new boxes of discovery documents and they would be sent to copying. ECF No. 81.

Upon hearing that more discovery was forthcoming, Debtor's counsel reserved the right to move to expunge the claim as he contended NBP had been significantly prejudiced due to the delay.[13] Since the attorney for the HOA indicated that the parties were close to resolving the matter, the Court briefly adjourned the hearing. However, the Court clearly forewarned HOA's counsel that the discovery issue needed to be resolved or properly brought before the Court.[14] The hearing was adjourned one week to October 8, 2020. The Court also directed the HOA to have the counterproposal to the Debtor by 11:30 a.m., on October 7, 2020.[15] ECF No. 81.

At the October 8, 2020 hearing, the HOA's new counsel, Stephen J. Waite, Esq., appeared and alleged the issues with discovery were due to a communication problem between the HOA and its previous counsel. Attorney Waite further advised that the HOA would not accept a settlement amount close to the Debtor's offer. ECF No. 82.

The most problematic aspect of these facts is that at the September 9, 2020 hearing, Attorney Dubuc represented that the matter was close to settling. Based upon this statement, both the Court and the Debtor focused on the resolution of the case rather than on the discovery issues which led to several needless hearings.

Whether it was the HOA or previous counsel that had the misunderstanding, the HOA is bound by its attorney's assertions and actions. It is well settled that "clients must be accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*

---

[13] *See* Fact 37.

[14] *See* Fact 38.

[15] *See* Fact 39.

*P'ship*, 507 U.S. 380, 396 (1993); *see also In re Greenberg*, 526 B.R. 101, 105 (Bankr. S.D.N.Y. 2015). The HOA is accountable for the delay based upon both its actual knowledge of the issues (Exs. B and C, ECF No. 99) and the agency theory of an attorney-client relationship. While the HOA's delay does not warrant the striking of the claim in full, the Court finds that the awarding of reasonable fees is appropriate.

> *B. The efficacy of lesser sanctions*

The Court finds the fee award to compensate for the three (3) superfluous September 2020 hearings is sufficient to balance the equities and deter future misconduct.

> *C. The duration of the period of noncompliance*

The discovery odyssey began in earnest in February 2020. It continued for six (6) months through July. This time frame is not necessarily unusual for entrenched litigation. However, the HOA's continued representation, through counsel, that the matter was close to settling led to a senseless two-month delay into October. The HOA's obstruction has repercussions.

> *D. Whether the non-compliant party had been warned of the consequences of noncompliance*

It is beyond dispute that Attorney Dubuc and the HOA were warned that the failure to comply with discovery would have ramifications. In fact, at the July 29, 2020 hearing, Debtor's counsel made an oral motion to preclude. The Court denied the motion. ECF No. 67. However, the Court advised that the HOA was not taking the discovery directives seriously and that would have significant and negative results. ECF Nos. 79, 80 and 81. Thus, the HOA was on notice of the issue.

The Debtor cites to several cases to support its contention that the claim should be stricken in its entirety. After reviewing these cases, the Court finds they are factually distinguishable.

For example, in *Markus v. Rozhov*, 615 B.R. 679 (S.D.N.Y. 2020), the bankruptcy court issued monetary sanctions against an attorney for his repeated failure to comply with a discovery order. On appeal, the district court agreed that the attorney had violated the discovery order by failing to provide certain documents. *Id.* at 706. However, the claim was not stricken.

In *Burke v. ITT Auto. Inc.*, 139 F.R.D. 34 (W.D.N.Y. 1991), the discovery dispute lasted over four (4) years and the court specifically found that the only appropriate sanction was striking the answer and granting the plaintiff a default judgment. The facts of the present case simply do not rise to the level of those in *Burke*.

In *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 641 (1976), the district court found that the offending party engaged in "flagrant bad faith" and a "callous disregard" of the discovery order for over seventeen (17) months. The HOA's conduct was offensive but did not amount to "flagrant bad faith." *Id.*

Finally, the Debtor relies upon *Daval Steel Prods. Div. of Franscosteel Corp. v. M/V Fakredine*, 951 F.2d 1357 (2d Cir. 1991) for the proposition that failure to comply with court ordered discovery may trigger Rule 37 sanctions. However, the striking of pleadings was not an issue in *Daval*.

## CONCLUSION

For all these reasons, the Court finds that the HOA failed to provide information requested and misrepresented that the entire matter was close to settling. The two-month delay does not warrant the striking of the claim. However, the HOA repeatedly stated that the matter

15

was close to settling.  This representation led to unnecessary and unwarranted discovery issues resulting in unreasonable delays.  Due to this delay under both Rule 37 and the Court's inherent power, the Debtor is awarded reasonable attorneys' fees for the three (3) hearings occurring during the time period (September 9, 2020, September 23, 2020, and September 30, 2020) that the parties worked on the nonexistent settlement.  Debtor's attorneys are directed to submit their billing records in reviewable form by **May 11, 2021**.  The HOA is given until **May 25, 2021**, to submit opposition, if any.

SO ORDERED.

Dated: April 27, 2021　　　　　　　　　　　　　　　　　　/s/ Robert E. Littlefield, Jr.
　　　　Albany, New York　　　　　　　　　　　　　　　　Robert E. Littlefield, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge